UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

LARRY P. MARTIN
1015 Nennig Road
Neenah, WI 54956,

    Plaintiff,                                      Case No.:

    vs.

UNITED STATES OF AMERICA,

HUMANA INSURANCE COMPANY
1100 Employers Boulevard
De Pere, WI 54115, and

ASPIRUS ARISE HEALTH PLAN OF WISCONSIN, INC.
3000 Westhill Drive, Suite 303
Wausau, WI 54401,

    Defendants.

## COMPLAINT

NOW COMES the Plaintiff, LARRY P. MARTIN, by his attorneys, Herrling Clark Law Firm, Ltd., and by Richard T. Elrod, for his Complaint against the above-named Defendants, alleges and shows to the court as follows:

### PARTIES

1.    LARRY P. MARTIN is an adult resident of the State of Wisconsin, currently residing at 1015 Nennig Road, Neenah, WI 54956.

2.    The United States of America is a sovereign government which has consented to suit under the provisions of the Federal Tort Claims Act, 28 U.S.C. § 1346(b).

3. The Defendant, HUMANA INSURANCE COMPANY, is a Wisconsin insurance company, duly organized and existing by virtue of the laws of the State of Wisconsin with principal offices located at 1100 Employers Boulevard, De Pere, WI 54115 and offices of its Registered Agent located at Corporation Service Company, 8040 Excelsior Drive, Suite 400, Madison, WI 53717. HUMANA INSURANCE COMPANY may have paid medical and related benefits on behalf of the Plaintiff, LARRY P. MARTIN, for the injuries he sustained in the July 16, 2015 incident that is the subject of this action, as hereinafter set forth, and may be so obliged to pay medical and related benefits in the future and, therefore, may have a subrogation and/or reimbursement interest herein to the extent of its payments, however, subject to the net made whole rule governing subrogation and reimbursement in Wisconsin. By reason of such payments, HUMANA INSURANCE COMPANY is a proper party hereto. If HUMANA INSURANCE COMPANY fails to timely and properly Answer and enter an appearance in this action, then the court should find that HUMANA INSURANCE COMPANY has waived any right to participate in this matter and has waived any right to assert a reimbursement and/or subrogation claim. Further, if HUMANA INSURANCE COMPANY fails to participate in the prosecution of this action as provided by Wisconsin law, then any alleged right it may have shall be extinguished.

4. The Defendant, ASPIRUS ARISE HEALTH PLAN OF WISCONSIN, INC., is a Wisconsin insurance company, duly organized and existing by virtue of the laws of the State of Wisconsin with principal offices located at 3000 Westhill Drive, Suite, 303, Wausau, WI 54401 and offices of its Registered Agent, Brett Davis, located at 3000 Westhill Drive, Suite, 303, Wausau, WI 54401. ASPIRUS ARISE HEALTH PLAN OF WISCONSIN, INC. may have paid medical and related benefits on behalf of the Plaintiff, LARRY P. MARTIN, for the injuries he sustained in the July 16, 2015 incident that is the subject of this action, as hereinafter set forth,

and may be so obliged to pay medical and related benefits in the future and, therefore, may have a subrogation and/or reimbursement interest herein to the extent of its payments, however, subject to the net made whole rule governing subrogation and reimbursement in Wisconsin. By reason of such payments, ASPIRUS ARISE HEALTH PLAN OF WISCONSIN, INC. is a proper party hereto. If ASPIRUS ARISE HEALTH PLAN OF WISCONSIN, INC. fails to timely and properly Answer and enter an appearance in this action, then the court should find that ASPIRUS ARISE HEALTH PLAN OF WISCONSIN, INC. has waived any right to participate in this matter and has waived any right to assert a reimbursement and/or subrogation claim. Further, if ASPIRUS ARISE HEALTH PLAN OF WISCONSIN, INC. fails to participate in the prosecution of this action as provided by Wisconsin law, then any alleged right it may have shall be extinguished.

## **JURISDICTION AND VENUE**

5. The Plaintiff's claim is authorized by the provisions of the Federal Tort Claims Act, 28 USCS §§ 1346(b), 1402(b), and 2671-2680.

6. Venue is appropriate in this District under 28 USCS § 1402(b) for the reason that the tortious act occurred within this District, as alleged hereinafter.

## **COMPLIANCE WITH ADMINISTRATIVE CLAIM REQUIREMENT**

7. The Plaintiff has complied with the requirements of 28 USCS § 2675 by timely submitting his administrative claim to the United States Postal Service in the amount of $450,000.00.

8. By correspondence dated April 18, 2018, the United States Postal Service denied the Plaintiff's administrative claim.

## SUBSTANTIVE ALLEGATIONS

9. On July 16, 2015, in the Town of Menasha, Wisconsin, the Plaintiff, LARRY P. MARTIN, was traveling southbound on American Drive, through the Shady Lane intersection.

10. At the same time and place, Lindsay R. Drzewiecki was operating a vehicle owned by the United States Postal Service and traveling eastbound on Shady Lane when she failed to stop at the stop sign controlling her lane of traffic, entered the intersection, and collided with the Plaintiff's vehicle.

11. The actions of Lindsay R. Drzewiecki occurred in the course of her employment with the United States Postal Service.

12. Lindsay R. Drzewiecki was negligent in the operation of the described vehicle in that she, among other things, disregarded the stop sign controlling her lane of traffic, failed to maintain proper lookout, failed to yield to the right of way of traffic, and was otherwise negligent.

13. The negligence of Lindsay R. Drzewiecki was a cause of the injuries and damages sustained by the Plaintiff.

14. As a result of the described incident, and the negligence of Lindsay R. Drzewiecki described herein, the Plaintiff, LARRY P. MARTIN, suffered severe and disabling permanent personal injuries that have required, and will continue to require in the future, medical care and attention, past and future pain, suffering, disability and loss of enjoyment of life, past and future loss of earning capacity, and other compensable injuries, all to his damage, in an amount to be determined at a trial of this matter.

WHEREFORE, the Plaintiff demands judgment against the Defendants as follows:

1. On behalf of the Plaintiff, LARRY P. MARTIN, for compensatory damages in the amount of $450,000.00 and costs.

2. With regard to HUMANA INSURANCE COMPANY and ASPIRUS ARISE HEALTH PLAN OF WISCONSIN, INC.:

   a) Dismissing their subrogation and/or reimbursement interests in this matter in their entirety;

   b) In the alternative, if HUMANA INSURANCE COMPANY and/or ASPIRUS ARISE HEALTH PLAN OF WISCONSIN, INC. fail to timely answer and appear, or fail to participate in the prosecution of this action as provided under Wisconsin law, then for dismissal of HUMANA INSURANCE COMPANY and/or ASPIRUS ARISE HEALTH PLAN OF WISCONSIN, INC. and extinguishment of those alleged rights and interests in their entirety;

   c) In the alternative, if HUMANA INSURANCE COMPANY and/or ASPIRUS ARISE HEALTH PLAN OF WISCONSIN, INC. do timely answer and appear and participate in this matter, then for a determination of their alleged rights including, but not limited to, a determination and declaration that their rights and interests, if any, are subject to Wisconsin's net made-whole rule, and that they are not entitled to any recovery unless and until the Plaintiff has been made whole by any settlement or by funds available to satisfy any claim or judgment in this matter;

3. For such other and further relief that the court deems just and equitable.

Dated this 5th day of October, 2018.

>By:   s/ Richard T. Elrod
>      **Richard T. Elrod**
>      State Bar No. 01023208
>      Herrling Clark Law Firm, Ltd.
>      800 North Lynndale Drive
>      Appleton, WI 54914
>      Telephone: (920) 882-3215
>      Fax: (920) 739-6352
>      Email: relrod@herrlingclark.com